IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELIX ROBERTS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-cv-3326-C-BT |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

In this § 2254 habeas proceeding, *pro se* Petitioner Felix Roberts has filed a Motion for Default Judgment against the Respondent. (ECF No. 22). For the following reasons, the motion should be denied.

Petitioner's 28 U.S.C. § 2254 habeas petition was docketed on December 7, 2017. (*See* ECF No. 3). On January 31, 2018, the Court ordered Respondent – Lorie Davis, Director, TDCJ-CID – to answer the petition. (*See* ECF No. 8). On March 30, 2018, Respondent filed a response arguing that the petition "should be dismissed without prejudice as a mixed petition." (ECF No. 14). Petitioner filed an amended Section 2254 petition on November 9, 2018. (*see* ECF No. 15), and on January 9, 2019, the Court ordered Respondent to answer the amended petition. (*See* ECF No. 17). On March 8, 2019, Respondent filed a motion for an extension of time in which to file a response, (*see* ECF No. 19), which the Court granted. (*See* ECF No.

1

20). The Court allowed Respondent "up to and including April 15, 2019, to file her response." (*Id.*). Respondent filed a response to the amended petition on April 15, 2019. (*See* ECF No. 25). Petitioner's instant motion was received by the Court on March 21, 2019, prior to the deadline for the Respondent to file her response. (*See* ECF No. 22).

Petitioner is not entitled to a default judgment because Respondent is not in default. She timely filed her response by the deadline established by the Court. However, even if Respondent had not filed her response, "[d]efault judgment is not appropriate in a habeas proceeding because the failure of respondent to file an answer does not entitle petitioner to habeas corpus relief." *Northrup v. Thaler*, 2010 WL 2720655, at *1 (S.D. Tex. June 23, 2010), *rec. adopted*, 2010 WL 2720658 (S.D. Tex. July 8, 2010) (citing *Wiggins v. Procunier*, 735 F.2d 1318, 1321 (5th Cir. 1985) (which in part relied on *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir. 1974) ("[A] habeas corpus petitioner [should not be] release[d] in the event of a failure to make a timely return, for the burden of default would then fall upon the community at large."))); *see also Beall v. Cockrell*, 174 F. Supp. 2d 512, 517 (N.D. Tex. 2001) ("Many courts, including the Fifth Circuit, frown on the use of default judgments to grant habeas relief without reaching the merits of the claim." (citing *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981) ("dilatoriness, standing alone, does not provide a sufficient basis for granting the writ"))).

Because Petitioner is not entitled to a default judgment, the Court recommends that Petitioner's motion for default judgment (ECF No. 22) be denied.

Signed July 1, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).