IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELIX ROBERTS,         Petitioner, | § § § | |
| v. | § § | No. 3:17-cv-3326-C (BT) |
| LORIE DAVIS, Director, TDCJ-CID         Respondent. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Felix Roberts, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the petition should be denied, and any non-habeas civil claims should be dismissed without prejudice.

I.

In July 2015, a jury found Roberts guilty of aggravated assault with a deadly weapon, in Cause No. F-1445364, (*see* Doc. 24-2 at 22), and unlawful possession of a firearm by a felon, in Cause No. F-1445368. (*See* Doc. 24-5 at 32). In each conviction, the jury also found true the sentence-enhancement allegations that Roberts had two prior felony convictions and sentenced Roberts to thirty-five years of imprisonment. (*See id.*; Doc. 24-2 at 22). The Fifth District Court of Appeals affirmed the trial court's judgments. *See Roberts v. State*, No. 05-15-00936-CR, No. 05-15-00937-CR, 2016 WL 6111069 (Tex. App – Dallas October 19, 2019, pet. ref'd.). Roberts filed a

petition for discretionary review regarding his conviction for possession of a firearm by a felon, *see* doc. 12-19, but not for his conviction for aggravated assault with a deadly weapon. *See* Doc. 14-1. The Texas Court of Criminal Appeals (CCA) refused Roberts's petition for discretionary review. *See Roberts v. State*, No. PD-1341-16, (Tex. Crim. App. 2017). Roberts filed two state habeas petitions, attacking his convictions. (Doc. 24-2 at 26-43; Doc. 24-5 at 36-53). The CCA denied both petitions, without a written order, *Ex parte Roberts,* No. 88, 496-01; *Ex parte Roberts,* No. 88, 496-02. (*See* Doc. 24-1; Doc. 24-3).

Roberts then filed the instant amended § 2254 petition. (*See* Doc. 15). He had previously filed a § 2254 petition prior to filing his state habeas petitions. (*See* Doc. 3). Upon the CCA's denial of his state petitions, Roberts filed his amended § 2254 petition, in which he argues:

1(a).  His trial attorney provided ineffective assistance of by:

    i)  failing to raise all available motions or objections at trial;

    ii)  failing to object to "illegally used enhancements;"

    iii)  failing to call into question prosecutorial misconduct of using perjured testimony and contamination of jury;

    iv)  failing to contact defendant in a timely manner;

    v)  failing to properly investigate the case;

    vi)  failing to interview, subpoena, or question defense witnesses;

    vii)  failing to raise proper defenses;

      viii)    failing to object to the state's amendment of a charging document before trial;

      ix)    failing to act in a professional manner;

      x)    failing to put on a proper defense; and

      xi)    failing to call into question the contamination of the jury by outside extraneous influence and information.

1(b).    His appellate counsel provided ineffective assistance by failing to raise all possible grounds on appeal.

2.    The prosecutor committed misconduct by:

      i)    presenting false evidence at grand jury and at trial;

      ii)    making improper comments to the jury;

      iii)    introducing inadmissible evidence to jury;

      iv)    engaging in selective and vindictive prosecution;

      v)    violating the Equal Protection clause by bringing charges against Roberts;

      vi)    withholding exculpatory evidence;

      vii)    tampering with and destroying evidence; and

      viii)    using illegal enhancements to increase sentence.

3.    The trial court improperly instructed the jury regarding enhancements.

4.    The trial court erred by allowing the prosecution to commit perjury regarding the enhancements.

5.    He is actually innocent.

6.    There is insufficient evidence to support his convictions.

II.

### A.  Unexhausted Claims

Roberts did not raise issues 1(a)(iii-xi), 1(b), 2, 4, and 6, either on direct appeal, or in his state habeas application. On direct appeal, Roberts argued only a violation of state law. Specifically, he argued "reversible error occurred when the trial court failed to instruct the jury to find the offenses and convictions in the enhancement paragraphs sequential." *Roberts*, 2016 WL 6111069 at *1. Importantly, in his petition for discretionary review to the CCA, Roberts continued to argue only that the trial court's jury instruction violated state law. (*See* Doc. 12-19). Roberts also did not raise these issues in his state habeas applications. (*See* Doc. 24-2 at 26-43; Doc. 24-5 at 36-53).

Each issue a petitioner raises in a federal habeas writ must have been exhausted. That is, the issue must have been "fairly presented" to the state court. *Picard v. Conner*, 404 U.S. 270, 275 (1971). The exhaustion requirement is not met when new factual claims are made in a federal petition. *Anderson v. Harless,* 459 U.S. 4, 6-7 (1982). If a petitioner fails to exhaust state remedies and the court to which he would be required to present his claims would now find the claims procedurally barred due to the petitioner's own procedural default, "federal courts are barred from reviewing those claims." *Woodfox v. Cain*, 609 F.3d 774, 793 (5th Cir. 2010) (citing *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995)). To overcome the procedural bar for failure to exhaust state remedies, a petitioner must

4

"demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A miscarriage of justice in this context means that the petitioner is actually innocent of the crime for which he was convicted. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992).

In the present case, if Roberts were to return to state court to attempt to exhaust, he would be barred from raising these claims. *See Neville v. Drekte*, 423 F.3d 474, 480 (5th Cir. 2005) (stating that "[e]xcept under extraordinary circumstances, Texas law does not permit successive petitions."). Texas law forbids second or successive applications for post-conviction relief if the claims could have been, but were not, raised in a prior state writ unless "no rational juror could have found the applicant guilty beyond a reasonable doubt." TEX. CODE CRIM. PROC. art. 11.07 § 4(a). Although Roberts claims he is actually innocent, he provides no support from the record for this claim. (*See* Doc. 16 at 27-30). He simply discusses federal case law regarding actual innocence, then states that due to the "similarities" between those cases and his, he qualifies for relief. (*See id.*). Roberts is mistaken. He fails to show that no rational juror could have found him guilty. Because Roberts has failed to establish cause for the default and actual prejudice, these claims are unexhausted and procedurally barred.

To the extent that Roberts raises his actual innocence claim as a freestanding ground for habeas relief, the claim is unavailing. A claim of actual innocence does not state an independent, substantive constitutional claim and is not a basis for federal habeas corpus relief. *See Herrera v. Collins*, 506 U.S. 390 (1993). Claims of actual innocence are not cognizable on federal habeas review. *See United States v. Fields*, 761 F.3d 443, 479 (5th Cir. 2014) ("[Fifth Circuit] caselaw does not recognize freestanding actual innocence claims."). A claim of actual innocence may not be a basis for federal habeas corpus relief absent an independent federal constitutional violation. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). Roberts has not shown an independent federal constitutional violation, and so his actual innocence claim is not cognizable on federal habeas appeal.

III.

**A.   Standard of Review for Remaining Claims**

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

6

When reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

Federal habeas corpus relief for state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). The pertinent terms of the AEDPA, 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions,

but unreasonably applies that principle to the facts of the prisoner's case. *Id.* As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement. *Harrington v. Richter*, 562 U.S. 86,105 (2011). A petitioner must show that there was no reasonable basis for the state court to deny relief. *Id.*, at 98.

Under Texas law, when the CCA denies a state habeas petition, as in the present case, the "denial" means that the court rejected the merits of a particular claim. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) ("Under Texas law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of the claim."); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claims merits."). Because the CCA denied Roberts's claims on the merits, the deferential AEDPA standard of review applies to this petition.

**B.     Ineffective Assistance of Counsel**

Roberts claims his trial counsel provided ineffective assistance by failing to raise all available motions or objections, and specifically failing to

8

object to "illegally used enhancements." To succeed on a claim of ineffective assistance of counsel, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller*, 200 F.3d at 282.

<u>Failure to Raise Motions and Objections</u>

In Claim 1(a)(i), Roberts argues that his trial counsel provided ineffective assistance by failing "to raise all available motions, . . . [or]

9

objections at trial." (*See* Doc. 15 at 6). In Claim 1(a)(ii), he argues that his counsel failed to object to "the illegally used enhancements being utilized to contaminate and deliberately mislead the jury." (*See* Doc. 16 at 43). Roberts provides no support for these vague allegations. While Roberts provides a listing of motions in conjunction with his first claim, he specifically states that the list is for "demonstration only . . . which counsel may or may not have filed and in which may or may not apply to the circumstances of this case." (*See* Doc. 16-2 at 109-11). And with regard to his claim regarding the sentence enhancements, he provides no further argument other than to state that the alleged error deprived him of "the benefit of a fair trial." (*See* Doc. 16 at 43).

Conclusory allegations of ineffective assistance of counsel, in allegedly failing to file motions, to make objections and to follow defendant's instructions, are insufficient to demonstrate ineffective assistance of counsel. *United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007). Because Roberts does not point to any evidence in the record to support his contentions, his general complaints are insufficient to demonstrate either deficient performance by his counsel, or prejudice resulting from the alleged deficient performance. *See id.*; *see also Miller*, 200 F.3d at 282.

Further, Roberts raised these issues in his state habeas petition. Because the state habeas court's decision to deny relief did not involve an

unreasonable application of *Strickland*, they should be denied. Roberts fails to show that his counsel's performance was ineffective.

Roberts also fails to show that the state-court decision was unreasonable by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Roberts fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98.

Improper Jury Instruction

Roberts claims the trial court improperly instructed the jury. He argues the court failed to instruct the jury that "it should find the enhancement allegations true **only if** the State proved sequential prior felony convictions." (Doc. 16 at 3)(emphasis in original). He provides no support from the record to substantiate this claim, which, unsupported by evidence from the record, is insufficient. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (stating that

11

where a habeas petitioner fails to brief an argument adequately, it is considered waived).

Further, the fact that an instruction may be incorrect under state law is not a basis for habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). The only question in claims of improper state court jury instructions is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *See id.* at 72.

Here, Roberts fails to demonstrate how the jury was improperly instructed, much less, how any single jury instruction resulted in a conviction in violation of his due process rights. Thus, this claim fails. *See id.*

Further, the state habeas court denied this claim when it denied Roberts's application for a state habeas application and Roberts fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). Roberts fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 562 U.S. at 98.

IV.

Finally, Roberts requests "[m]onetary damages in the amount of $88,000 per year for each year [he] has suffered pain and suffering, mental anguish and mental cruelty from [a] wrongful conviction." (Doc. 15 at 7). The Court initially notes that Roberts has not established that he was wrongly convicted. Additionally, 28 U.S.C. § 2254(a) provides that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254 (a). It does not allow for other civil causes of action or monetary damages. *See id.*

V.

For the foregoing reasons, the Court should deny the petition for writ of habeas corpus under 28 U.S.C. § 2254 with prejudice for failure to make a substantial showing of the denial of a federal right, and any non-habeas civil claims should be dismissed without prejudice to properly raising them in a separate civil action.

Signed November 15, 2019,

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

13

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).